FILED '11 MAR 16 10:11 USDC-ORE

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

GARY and SHERRILL ELLIS,  10-6319-TC

                  Plaintiffs,

     v.  AMENDED ORDER &
                                          FINDINGS AND RECOMMENDATION

GMAC MORTGAGE, INC. and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS.,

                  Defendants.

COFFIN, Magistrate Judge:

      I amend the Order and Findings and Recommendations to clarify that the Defendants' motion to dismiss is granted in part. The motion to dismiss is granted with respect to Plaintiff's claim of intentional infliction of emotional distress. It is otherwise denied. The complaint is, however, dismissed with leave to file an amended complaint. An amended complaint, if any, shall be filed within 30 days from the date this order is filed.

      Plaintiffs filed this complaint in response to foreclosure proceedings that were initiated by Defendants. Plaintiffs bring several claims regarding the origination of their refinancing home loan

Page 1 - FINDINGS AND RECOMMENDATION

that occurred on November 3, 2006. Defendants filed this Rule 12(b)(6) Motion to Dismiss on February 4, 2011, in which Plaintiffs did not respond. Currently before me is Defendant GMAC Mortgage, Inc's ("GMACM") and Mortgage Electronic Registration System, Inc's ("MERS") Rule 12(b)(6) Motion to Dismiss all Plaintiffs' claims. For the reasons outlined below, I recommend that the court grant the motion to dismiss with respect to Plaintiff's claim for intentional infliction of emotional distress. I order that the remaining claims set forth in Plaintiff's Complaint are dismissed without prejudice. Plaintiff's are granted thirty days from the date this order is filed to file an amended complaint.

In considering Defendants' Motion under Rule 12(b)(6), I must examine whether the complaint contains factual allegations that are sufficient to show Plaintiff may be entitled to relief. FED. R. CIV. P. 12(b)(6).

When analyzing a complaint for failure to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir. 1996). It is well established that pro se complaints, however in artfully pleaded, are held to less stringent standards than formal pleadings drafted by lawyers. Id. For purposes of determining whether a Complaint should be dismissed, a pro se plaintiff's claims may be dismissed where it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support that would entitle him to relief. Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008). The court may only consider the pleadings in a ruling on a Rule 12(b)(6) Motion. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001).

## Discussion

Plaintiffs' complaint appears to be a boilerplate complaint, and with the limited facts that

Page 2 - FINDINGS AND RECOMMENDATION

were inserted into the boilerplate complaint, it is impossible to determine whether Plaintiffs are entitled to relief on most of their claims. To survive a Rule 12(b)(6) Motion to Dismiss, a plaintiff must provide grounds for his entitlement to relief, these grounds must be more than labels and conclusions, a formulaic recitation of the elements of a cause of action are insufficient. Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (U.S. 2007).

Plaintiffs' complaint alleges several statements against "Lenders" or "Agents, loan agents, and appraisers." However, Plaintiffs do not state any actual factual statements against the named Defendants that would give rise to a cause of action. The complaint is unclear to whom Plaintiffs are referring to for each cause of action, and does not give enough factual background regarding the actual refinancing loan origination to clearly state a cause of action. If Plaintiffs' complaint is amended, the complaint should be precise, and state only the claims that are against Defendants in question. I will, however, address the intentional infliction of emotional distress claim because it is barred by the statute of limitations and, even if it were not barred, lacks the essential elements to survive a Rule 12(b)(6) Motion to Dismiss.

I.  **Intentional Infliction of Emotional Distress (IIED)**

Plaintiffs do not allege any factual evidence that supports any of the elements for an intentional infliction of severe emotional distress. Without some factual allegation in the complaint, a claimant can not satisfy the requirement of providing "grounds" on which the claim rests. Bell Atlantic Corporation, 550 U.S. at 555.

To state a claim for intentional infliction of severe emotional distress, a plaintiff must plead that 1) defendant intended to inflict severe emotional distress on the plaintiff, 2) defendant's acts were the cause of the plaintiff's severe emotional distress, 3) defendant's acts constituted an

Page 3 - FINDINGS AND RECOMMENDATION

extraordinary transgression of the bounds of socially tolerable conduct. McGanty v. Staudenraus, 901 P.2d 841, 849 (Or. 1995).

Plaintiffs generally allege that Defendants committed conduct that was extreme and outrageous and not to be tolerated by civilized society. Plaintiffs contend that Defendants knew or should have knew that their conduct would cause Plaintiffs severe emotional distress. Defendants observe that Plaintiffs' intentional infliction of emotional distress claim is barred by a two year statute of limitations. Defendants support this contention by stating Oregon statute Or. Rev. Stat. § 12.110(1), which establishes that the action must be commenced within two years of the date of injury. (Dkt. #8, p. 78).

Also, Defendants counter Plaintiffs' argument by stating that Defendants were not involved in the refinancing loan origination that caused the severe emotional distress. Dependants support this contention by stating that MERS and GMACM were merely the loan owner, beneficiary or servicer of the refinanced loan. . (Dkt. #8, p. 78). Defendants further contend that MERS and GMACM were not involved with the closing of Plaintiffs' refinancing loan, and did not participate in the any aspect of the refinancing loan origination process, and therefore could not have caused Plaintiffs' severe emotional distress. (Dkt. #8, p. 78).

Plaintiffs have not clearly stated or shown any evidence within their complaint that Defendants intentionally inflicted severe emotional distress on Plaintiffs. Next, Plaintiffs have not clearly stated Defendants' actions that caused Plaintiffs' severe emotional distress. Plaintiffs merely state that Defendants' conduct caused Plaintiffs severe emotional distress, however, Plaintiffs fail to clearly state what that conduct was. Finally, based on the background given in Plaintiffs' complaint and Defendants' Motion to Dismiss, Plaintiffs cannot prove a claim for an intentional

Page 4 - FINDINGS AND RECOMMENDATION

infliction of emotional distress because there is no indication that Defendants' conduct was an extraordinary transgression of the bounds of socially tolerable conduct. Also, there is no indication that the Defendants were involved in the alleged conduct that caused the intentional infliction of emotional distress.

I find that defendants have established that the intentional infliction of emotional distress claim is barred by the applicable statute of limitations and that plaintiffs have not established the essential elements of such a claim (and can not cure this defect if given leave to amend). Thus, I recommend that this court dismiss plaintiff's the claim for intentional infliction with prejudice.

## Conclusion

## Amended Order

Plaintiffs' complaint should be dismissed with leave to amend. Upon amendment, Plaintiffs' complaint should be concise and plainly state the issues with regard to this action and should not include any immaterial background information. Further, as I have recommended that the intentional infliction of emotional distress claim be dismissed with prejudice, an amended complaint, if any, should not contain such a claim. Plaintiffs should focus on stating the factual allegations and linking them directly to legal claims against the named Defendants. McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir 1996). The Ninth Circuit has observed that a plaintiff's complaint should be simple, concise and direct. Id. at 1176. As a model of this concise pleading, the court quoted the standard form negligence complaint from the Appendix to the Federal Rules of Civil Procedure.

> 1. Allegation of jurisdiction.
>
> 2. On June 1, 1936, in a public highway called Boylston Street in Boston, Massachussets, defendant negligently drove a motor vehicle against plaintiff, who was then crossing said highway.

Page 5 - FINDINGS AND RECOMMENDATION

> 3. As a result plaintiff was thrown down and had his leg broken, and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
>
> Wherefore plaintiff demands judgment against defendant in the sum of ___ dollars and costs.

Id. This is a good example for Plaintiff to follow in their amended pleading. An amended complaint, if any, must be filed within thirty days of the date this order is filed. Failure to file an amended complaint may result in dismissal of this action.

## Amended Findings and Recommendation

I recommend that this court grant Defendants' Motion to Dismiss under Rule 12(b)(6) in part. I recommend that the court dismiss Plaintiffs' claim of intentional infliction of emotional distress with prejudice.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than fourteen days after the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 16th day of March 2011.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 7 - FINDINGS AND RECOMMENDATION